IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNION SPRING TELEPHONE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) 2:06CV474-DRB |
| T-MOBILE USA, INC., | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, T-Mobile USA, Inc. ("T-Mobile" or "Defendant") files this Notice of Removal to remove this civil action from the Circuit Court of Bullock County, Alabama, wherein it was filed as Civil Action No. 06-40, to the United States District Court for the Middle District of Alabama, Southern Division. In support of removal, T-Mobile respectfully shows the Court as follows:

### FEDERAL QUESTION JURISDICTION

1.  On or about April 19, 2006, Plaintiff Union Spring Telephone Company, Inc. filed a Complaint in the Circuit Court of Bullock County, Alabama, in the civil action styled Union Spring Telephone Company, Inc. v. T-Mobile USA, Inc., Civil Action No. 06-40. A true and correct copy of all process and pleadings served upon T-Mobile is attached hereto as Exhibit A and is incorporated herein by reference.

2. The Summons and Complaint was served upon T-Mobile's registered agent for process on April 25, 2006. Therefore, this Notice of Removal is timely filed within 30 days of service of the Summons and Complaint upon the Defendant.

3. All parties to this suit are telecommunications common carriers subject to the jurisdiction of the Federal Communications Commission ("FCC").

4. Defendants can remove to the appropriate federal district court "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331; see Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1373 (11th Cir. 1998) (recognizing that "a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim.") (internal citations omitted).

5. This Court has federal question jurisdiction over the claims asserted against T-Mobile. Plaintiff provides telephone service pursuant to the amendments to the federal Communications Act, 47 U.S.C. § 151 *et seq.*, that were contained in the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 (1996). Plaintiff's action necessarily arises under federal law. Congress has enacted legislation with the intent to occupy the entire field of interstate telephone service and has thereby excluded the application of state law to Plaintiff's action. Accordingly, this Court has jurisdiction over Plaintiff's Complaint.

6. Federal preemption under the Supremacy Clause of Art. VI of the Constitution arises, "when it is clear, despite the absence of explicit preemptive language, that Congress has intended, by legislating comprehensively, to occupy an entire field of regulation and has thereby

left no room for the States to supplement federal law." Capital Cities Cable v. Crisp, 467 U.S. 691, 699 (1984). The Communications Act of 1934, as amended, 47 U.S.C. §§ 151-609, provides such a comprehensive legislative scheme governing the rights and obligations of common carriers engaged in the provision of interstate telephone services. See Benanti v. United States, 355 U.S. 96, 104 (1957) (Communications Act "is a comprehensive scheme for the regulation of interstate communications"). Jurisdiction for overseeing this legislative framework is assigned to the Federal Communications Commission ("FCC"), 47 U.S.C. §§ 151-609, and carriers are required to file tariffs with the FCC that, as a matter of federal law, govern the relationships between carriers and their customers. Id. at § 203. See, e.g., Postal-Tel Cable Co. v. Warren-Godwin Lumber Co., 251 U.S. 27 (1919) (federal law, not state law, governs contractual provision in tariff limiting liability for negligence).

7.  The Supreme Court has long recognized that the Communications Act "so clearly establish[es] the purpose of Congress to subject such companies to a uniform national rule as to cause it to be certain there was no room thereafter for the exercise by the several states of power to regulate" a carrier's liability relating to long-distance telephone services. Western Union Tel. Co. v. Boegli, 251 U.S. 315, 316 (1920) (even in the absence of tariff court held state penalty could not be imposed for carrier's negligence). Even when a plaintiff does not allege a violation of a specific provision of the Communications Act, the comprehensive nature of federal regulation of the communications industry dictates that the plaintiff's claims may be found to arise under federal common law. In re Comcast Cellular Telecommunications Lit., 949 F. Supp. 1193, 1201 (E.D. Penn. 1996).

8.  Accordingly, 28 U.S.C. § 1331 provides an adequate jurisdictional basis for removal. Plaintiff's state law claims for failure to pay obligations established by tariff and

account stated fall under the Communications Act of 1934. Accordingly, the Complaint arises under federal law and could have been originally filed in this Court.

9. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Bullock County, Alabama, as provided by law, and written notice is being sent to Plaintiff's counsel. A copy of Defendant's Notice of Filing Notice of Removal is attached hereto as Exhibit B.

10. As T-Mobile is the only Defendant other than the fictitious Defendants named in this action, there are no additional Defendants to join in this Notice of Removal.[1]

11. T-Mobile has sought no similar relief with respect to this matter.

12. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13. The allegations of this Notice are true and correct, the case is currently pending in a county within the jurisdiction of the United States District Court for the Middle District of Alabama, Southern Division, and this cause is properly removable to the United States District Court for the Middle District of Alabama.

14. If any question arises as to the propriety of the removal of this action, T-Mobile respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, T-Mobile, desiring to remove this case to the United States District Court for the Middle District of Alabama, Southern Division, being the district and division of said

---

[1] Although 28 U.S.C. Section 1446(a) mandates all defendants join in the petition for removal, "unknown defendants . . . may be disregarded in determining whether the removing defendants have complied with" 28 U.S.C. Section 1446(a). Raisanen v. Lolley, 2000 U.S. Dist. LEXIS 19804 *1, *7 (S.D. Ala.) (internal citation and quotation marks omitted).

01339354.1

Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

                                            Respectfully submitted,

                                            Peter S. Fruin (FRU002)
                                            Joshua D. Jones (JON147)

                                            Attorneys for Defendant T-Mobile

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 24th day of May, 2006:

Mark D. Wilkerson
Amanda C. Carter
Dana H. Billingsley
WILKERSON & BRYAN, P.C.
405 South Hull Street
P.O. Box 830
Montgomery, AL 36101-0830
fax: 334.265.0319

_____
OF COUNSEL