IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNION SPRING TELEPHONE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    2:2006cv00474 ) ) |
| T-MOBILE USA, INC., | ) ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO THE COMPLAINT OF PLAINTIFF UNION SPRINGS TELEPHONE COMPANY, INC.**

Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant") hereby answers the Complaint of Plaintiff Union Springs Telephone Company, Inc. ("Plaintiff"). Unless specifically admitted in this Answer, T-Mobile denies each and every allegation of the Complaint.

**Response to Plaintiff's Allegations**

1. T-Mobile is without information sufficient to admit or deny the allegations in Paragraph One, and therefore denies these allegations.

2. T-Mobile admits that it is a Delaware corporation that does business in the State of Alabama.

3. Because T-Mobile has removed this action to federal court, the allegations in Paragraph Three are moot. Beyond the foregoing, T-Mobile is without information sufficient to admit or deny the allegations in Paragraph One, and therefore denies these allegations.

4. T-Mobile is without information sufficient to admit or deny the allegations in Paragraph Four, and therefore denies these allegations.

5. T-Mobile is without information sufficient to admit or deny the allegations in Paragraph Five, and therefore denies these allegations.

6. T-Mobile admits that the Alabama Public Service Commission entered an Order on February 24, 2006 purportedly requiring T-Mobile to compensate Plaintiff "in accordance with the applicable tariff provisions" and "after receiving the information necessary to calculate the amount of the payments is questions." Beyond the foregoing, T-Mobile denies the allegations in Paragraph Six and demands strict proof thereof.

7. T-Mobile denies the allegations in Paragraph Seven and demands strict proof thereof.

8. T-Mobile adopts by reference and re-alleges its responses to Paragraphs One through Seven of the Complaint.

9. T-Mobile denies the allegations in Paragraph Nine and demands strict proof thereof.

10. T-Mobile denies the allegations in Paragraph Ten and demands strict proof thereof.

11. T-Mobile adopts by reference and re-alleges its responses to Paragraphs One through Ten of the Complaint.

12. T-Mobile admits that Plaintiff has provided it with certain invoices but denies that the invoices reflect amounts payable.

13. T-Mobile denies the allegations in Paragraph Thirteen, including the allegations in the paragraph beginning "WHEREFORE," and demands strict proof thereof.

**Affirmative Defenses**

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

Defendant denies the material allegations of the Complaint, except to the extent expressly admitted above.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

Defendant is not liable to the Plaintiff.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the application of the statute of limitations.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of merger.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by unclean hands.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the failure to do equity.

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because it has not sustained injury or damage as a result of the matters averred in the Complaint.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate it damages.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata and/or collateral estoppel.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its prior breach of contract.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parol evidence rule.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant denies the material allegations of the Complaint and pleads the general issue.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unjust enrichment.

### NINTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by novation.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are barred because they are the subject of a prior pending action.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this suit and to assert the claims herein.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to comply with the requirements set forth in the documents it contends constitute its contracts.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff were caused, in whole or in part, by Plaintiff's own negligence, failure to perform adequate due diligence, or other intervening or supervening causes over which Defendant had no control and which cannot be the basis for any liability of Defendant.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses, which may arise as discovery progresses or otherwise in the course of this litigation.

Respectfully submitted,

 /s/ Peter S. Fruin
Peter S. Fruin (FRU002)
Joshua D. Jones (JON147)

Attorneys for Defendant T-Mobile

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

01343300.1

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document was filed electronically with the United States District Court for the Middle District of Alabama and was served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 1st day of June, 2006:

Mark D. Wilkerson
Amanda C. Carter
Dana H. Billingsley
WILKERSON & BRYAN, P.C.
405 South Hull Street
P.O. Box 830
Montgomery, AL 36101-0830
fax:  334.265.0319


              /s/ Peter S. Fruin
              OF COUNSEL

01343300.1